## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| DENETRA T. BRISBON<br>2001 Mountain Wood Court<br>Upper Marlboro, MD 20774<br><br>   *Plaintiff*,<br><br> v.<br><br>ADRIENNE POTEAT,<br>ACTING DIRECTOR OF COURT<br>SERVICES AND OFFENDER<br>SUPERVISION AGENCY<br>633 Indiana Avenue, NW<br>Washington, DC 20004<br><br>   *Defendant*. | Case No.: 1:17-cv-2099<br><br>Jury Trial Demand |

## COMPLAINT

Plaintiff Denetra Brisbon, by and through counsel, hereby files this Complaint for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 633a, against Defendant Adrienne Poteat, in her capacity of Acting Director of the Court Services and Offender Agency.

### Jurisdiction and Venue

1. This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e *et seq.,* and 29 U.S.C. § 633a.

2. Plaintiff has exhausted all administrative remedies prior to filing suit.

3. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) in that all or some events or omissions giving rise to Plaintiff's claims occurred in this judicial district and Defendant may be found in this judicial district.

## Parties

4. Plaintiff Denetra Brisbon (hereinafter "Plaintiff" or "Ms. Brisbon") is an African American female and a resident of Maryland.

5. Defendant Adrienne Poteat (hereinafter "Defendant" or "CSOSA" or the "Agency") is the Acting Director of the Court Services and Offender Agency, an administrative agency of the United States government, and an "employer" within the meaning of the statutes under which Plaintiff brings her claims, and is being sued in her official capacity.

## Factual Allegations

6. Plaintiff Brisbon, an African American, is employed at CSOSA as a GS-13 Supervisory Community Supervision Officer in Washington, D.C.  Plaintiff Brisbon was born in July 1969 and was 46 years old at the time of the incident in question.  Plaintiff Brisbon has been in her current position since March 2008 and had been employed at CSOSA for nineteen years at the time of the non-selection in this matter.  She reports to Elizabeth Powell, Branch Chief/Compact Administrator, and her second level supervisor is Yolanda Bethea, Deputy Associate Director/Acting Associate Director.

7. In 2007, Plaintiff Brisbon filed an EEO complaint against the Agency after her former supervisor made a racist comment.  The EEOC found that the Agency was in default and awarded significant damages and attorneys' fees to Plaintiff Brisbon. Plaintiff Brisbon filed a second EEO complaint in 2014, alleging reprisal for a lowered performance

evaluation, which was withdrawn in 2016. Senior management officials at the Agency, including the management officials involved in the selection in this matter were aware of Plaintiff Brisbon's prior EEO complaints.

8. In 2016, the Agency advertised a Supervisory Community Supervision Officer, GS-0101-14 Branch Chief position, Vacancy No. CSS-16-059-MPP-AII, after the retirement of Gladys Dorgett. (Ms. Dorgett has a pending age discrimination EEO complaint against the Agency and Yolanda Bethea, the Deputy Associate Director/Acting Associate Director.) The Branch Chief position was posted for four days from February 29, 2016 until March 4, 2016. Plaintiff Brisbon submitted an application for the position on March 3, 2016 and was deemed qualified for the position and issued a score of 99 out of 100. There were sixteen applicants for the position. Only one of the applicants, Kaitlin Forsha, was Caucasian, and Ms. Forsha had been a Supervisory Community Supervision Officer for only two years. Ms. Forsha was certified as qualified for the position, as well.

9. An interview panel was convened, which included three branch chiefs—Lorenzo Harris, Valerie Collins and William Ashe—and the Special Assistant to the Deputy Director, Hyun-Ju E. Park, and Debra Kafami, a Caucasian female, who was the Associate Deputy Director for the Agency. There were a total of sixteen applicants including a number of Supervisory Community Supervision Officers who had eight to twenty years of experience.

10. The interview panel asked the applicants eight questions during the interview, and selected many questions which were not directly related to the position being filled, which benefitted individuals with limited experience as a Supervisory Community Supervision Officer. Members of the panel were familiar with the applicants and some panel members

knew that there were complaints about the performance of Kaitlin Forsha. There were no records of any notes from the interview panel in the Report of Investigation in this matter. At the conclusion of the interviews, the interview panel recommended three individuals to the deciding official: Kaitlin Forsha, who was 32 years old, Dominique Prophet, age 32, and LaQuisha Campbell, age 39. Ms. Forsha's name was listed first on the recommendation list.

11. Ms. Bethea submitted the names of Ms. Forsha, Ms. Prophet and Ms. Campbell to James Berry, Deputy Director of the Agency. Mr. Berry erroneously believe that the panel recommended Ms. Forsha for the position. Mr. Berry stated that he accepted the recommendation of the interview panel in selecting Ms. Forsha.

12. On June 30, 2016, the Acting Associate Director, Yolanda Bethea announced that Kaitlin Forsha was selected for the position. Ms. Bethea was 44 years old at the time of the selection and had been employed at the Agency for four years. Ms. Forsha was promoted on July 25, 2016. Ms. Forsha was promoted over several Supervisory Community Supervision Officers, who had more experience and trained her. Initially, Ms. Forsha was placed in the position of Branch Chief of Branch III Men's Behavioral Health. Almost immediately after she was promoted, she was moved to Branch Chief of the Offender Processing Unit and began reporting directly to Debra Kafami.

13. The Agency's workforce is approximately 89% African American, but since Ms. Bethea became the Deputy Associate Director/Acting Associate Director, most GS-14 positions have been filled by younger, Caucasian employees, despite the fact that most of the applicants for the GS-14 positions were African American. For the last six promotions to GS-14 positions in CSOSA, at least four of the selectees were Caucasian or mixed race

of Caucasian and African American. The selectees include Kaitlin Forsha, Caucasian, Matthew Hudson, Caucasian, Akil Walker, Caucasian/African American (mixed), Elizabeth Powell, Caucasian/African American (mixed), Timothy Brown, African American, and Kisha Gordon, African American.

14. Plaintiff Brisbon was substantially better qualified than Ms. Forsha for the Branch Chief position, based on experience, training, certifications and performance. Plaintiff Brisbon had eight years of managerial experience, and Ms. Forsha only had two years of managerial experience, and Plaintiff Brisbon had training and certifications as a Certified Criminal Justice Addictions Specialist that Ms. Forsha did not have.

### Count I

**Violation of Title VII of the Civil Rights Act of 1964, as amended**
**42 U.S.C. § 2000e** *et seq.*
**(Race Discrimination)**

15. Plaintiff incorporates by reference paragraphs 1 through 14 as if fully stated herein.

16. Title VII of the Civil Rights Act of 1964 states it is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of the employee's race.

17. At all pertinent times, the Defendant was an employer subject to provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

18. At all pertinent times, Plaintiff was an employee entitled to protection under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

19. In violation of Title VII of the Civil Right Act of 1964, 42 U.S.C. § 2000e *et seq.*, Defendant knowingly and intentionally discriminated against Plaintiff because of her race

when the Agency excluded her from consideration for referral to the selecting official while referring three younger, less qualified applicants, and selected a Caucasian employee, who was significantly less qualified and had less experience than Plaintiff, for the Supervisory Community Supervision Officer, GS-0101-14 Branch Chief position, Vacancy No. CSS-16-059-MPP-AII.

20. As a result of such acts, Plaintiff has suffered damages.

## Count II

### Violation of Title VII of the Civil Rights Act of 1964, as amended
### 42 U.S.C. § 2000e *et seq.*
### (Retaliation)

21. Plaintiff incorporates by reference paragraphs 1 through 20 as if fully stated herein.

22. Title VII of the Civil Rights Act of 1964 states it is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because the employee has complained of discrimination.

23. At all pertinent times, the Defendant was an employer subject to provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

24. At all pertinent times, Plaintiff was an employee entitled to protection under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

25. In violation of Title VII of the Civil Right Act of 1964, 42 U.S.C. § 2000e *et seq*., Defendant knowingly and retaliated against Plaintiff for participating in litigation arising from her February 2008 complaint of discrimination and subsequent EEO complaint which was resolve in 2016, when the Agency did not select her for the Supervisory Community Supervision Officer, GS-0101-14 Branch Chief position, Vacancy No. CSS-16-059-MPP-

AII, excluding her from consideration for referral to the selecting official while referring three younger, less qualified applicants, without prior EEO claims.

26. As a result of such acts, Plaintiff has suffered damages.

### Count III

**Violation of the Age Discrimination in Employment Act
29 U.S.C. § 633a
(Age Discrimination)**

27. Ms. Brisbon incorporates by reference paragraphs 1 through 26 as if fully stated herein.

28. The Age Discrimination in Employment Act, 29 U.S.C. § 633a, provides that, in executive agencies of the United States, all personnel actions affecting employees or applicants for employment who are at least 40 years of age shall be free from discrimination based on age.

29. At all pertinent times, the Defendant was an employer subject to provisions of the Age Discrimination in Employment Act, 29 U.S.C. § 633a.

30. At all pertinent times, Ms. Brisbon was an employee entitled to protection under the Age Discrimination in Employment Act, 29 U.S.C. § 633a.

31. In violation of the Age Discrimination in Employment Act, 29 U.S.C. § 633a, Defendant knowingly and intentionally subjected Ms. Brisbon to discrimination based on her age by not selecting her for a Supervisory Community Supervision Officer, GS-0101-14 Branch Chief position, Vacancy No. CSS-16-059-MPP-AII, because of her age, and excluding her from consideration for referral to the selecting official while referring three younger, less qualified applicants, and selecting a younger, substantially less qualified applicant for the position.

## **Prayer for Relief**

Wherefore, Ms. Brisbon prays as follows:

A. Issue a declaratory judgment that Defendant's practices toward Plaintiff were violative of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 633a;

B. Enjoin Defendant from discriminating against employees who report discriminatory practices under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*;

C. Award Ms. Brisbon damages, including back pay and front pay and all lost benefits, and compensatory damages for emotional distress and hardship created by the Defendant's discrimination and retaliation;

D. Award payment of all fees, costs, expenses, including attorneys' fees and expert fees;

E. Award Ms. Brisbon such other relief as to which she may be deemed entitled.

## **Jury Trial Demand**

Plaintiff demands a jury trial on all counts so triable.

Respectfully submitted,

*/s/*
David A. Branch #438764
Law Office of David A. Branch & Associates, PLLC

1828 L Street NW, Suite 820
Washington, DC 20036
(202) 785-2805 phone
(202) 785-0289 fax
davidbranch@dbranchlaw.com